**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP CHRISTOPHER DISTIN,<br><br>  Plaintiff,<br><br> v.<br><br>U.S. ARMY, et.al.,<br><br>  Defendants. | Case No.: 1:20-cv-00860-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff Phillip Christopher Distin is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on June 18, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

Plaintiff names the United States Army and California Department of Corrections and Rehabilitation (CDCR) as Defendants.

Plaintiff is subject to cruel and unusual punishment by the United States Army because of a "high tec [sic] technology military weapon" that is a top secret weapon which is an electric magnetic military weapon run by computer in the army base station controlled by the captain, lieutenant and sergeant. Plaintiff has been tortured since 2017.

CDCR has failed to provide a safe environment. He is in confinement by "laser tag by electric magnetic high tee military weapon that run by computer in the army base station. CDCR has negligently failed to provide assistance and cease the torture.

///

///

///

# III.

# DISCUSSION

### A. United States Army and CDCR as Defendants

The United States and its agencies, under the doctrine of sovereign immunity, are immune from suit absent a waiver of immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). A plaintiff suing the United States and/or one of its agencies must therefore demonstrate a waiver of immunity, see Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiff has not made such showing here. Even if plaintiff can bring his claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), he must first file his claim with, and receive a denial from, the appropriate agency, i.e. United States Department of Defense, *see* 28 U.S.C. § 2675. A claim under the FTCA may not be filed in federal court until plaintiff receives a final denial of the claim from the appropriate agency. *See* Gillespie v. Civilette, 629 F.2d 637, 640 (9th Cir.1980).

However, the CDCR is a department of a state agency, and claims against the state and its agencies are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment bars federal damages actions against a state and its entities); Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (state department of prisons, as a state agency, is immune from suit under the Eleventh Amendment).

### B. Cruel and Unusual Punishment

A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 25–26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a complaint such as that filed by the plaintiff and to "dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " Denton, 504 U.S. at 32–33 (quoting Neitzke, 490 U.S. at 325, 327, 328).

Plaintiff's allegation of an electric magnetic military weapon that is run by a computer which "can touch your brain eye[]ball play with you breathing," is factually irrational and wholly incredible. Plaintiff's further reference of a professional kidnapping and threats of being killed in Mexico are also factually irrational and incredible.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint contains factual allegations that are grounded in delusion, fanciful and irrational and wholly incredible. The Court therefore finds Plaintiff's allegations to be clearly baseless and frivolous. In this instance, no amendment could cure these deficiencies. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (district court should grant leave to amend even if no request was made, unless the pleading could not possibly be cured by the allegation of other facts). Accordingly, leave to amend would be futile and this action should be dismissed without leave to amend. See Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016) (liberality of amendment does not apply when amendment would be futile).

Accordingly, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed, without leave to amend, as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 30, 2020**

UNITED STATES MAGISTRATE JUDGE