UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CHRISTOPHER DISTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. ARMY, et.al.,<br><br>        Defendants. | Case No.: 1:20-cv-00860-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 14] |

      Plaintiff Phillip Christopher Distin is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's motion for appointment of counsel, filed on July 14, 2020.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff contends that he doesn't "really know how to read" and has limited access to the law library. However, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as a lack of education or limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The legal issues present in this action are not complex. Further, a recommendation is pending to dismiss the action for failure to state a cognizable claim, and therefore Plaintiff cannot demonstrate that he is likely to succeed on the merits. In addition, there is no indication from the record that Plaintiff has been unable to adequately articulate claims and prosecute this action. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **July 15, 2020**

UNITED STATES MAGISTRATE JUDGE